Okay, we'll call our first and only case for the day. Raab v. City of Ocean City, numbers 15-2127 and 15-2147. Good morning, your honors. Good morning. My name is Paul Rizzo, the law firm of B. Francisco Bateman in Warren, New Jersey, representing the appellant, Monica Raab. And I'd like to reserve four minutes for rebuttal. That will be granted. Thank you. Can a settlement agreement be judicially sanctioned and enforceable if the court had no involvement in the agreement and didn't review the agreement before dismissing? Under these circumstances, probably not, your honor. The only reason I say probably is because the court did enter an order of a briefing schedule contemplating consideration of both applications. But I would have to concede that if this hadn't been reached, in other words, if the parties had reached in private mediation or something along those lines and simply submitted a dismissal or a request to dismiss, we probably would not be here. So you're saying that the agreement is not enforceable. Well, then how could your client, Monica Raab, be a prevailing party? I'm not saying that the agreement is not enforceable, your honor. It would have been enforceable most likely in a state court as a contract issue. Well, I know, but to be a prevailing party, didn't we say that it's really got to be judicially enforceable? I mean, didn't we say it? And I believe under these circumstances it was. I think your honor's question, I understood it to be whether this was a situation in which if it hadn't been, the agreement hadn't been made under the judicial, I'll call it, auspices of Magistrate Williams. I mean, this agreement is reached through Judge Williams. This agreement is Judge Williams, in effect, meeting the two parties. So it's undisputed that she helped broker this, right? No question. Okay. And it's undisputed that the agreement included that both the city of Ocean and Ms. Raab would have fee applications to be determined by the court. Is that enough, an Article I judge magistrate reviewing it in order for the Article III judge to enforce it? I believe it is, Judge. Did you argue that in your brief? I didn't see that in your brief anyway. I was just going to say I haven't seen or found a case which addressed that specific question, which is why I would not have included it in the brief. But where are we when the Third Circuit, when the Article III judge says, I never looked at it, I can't enforce it. What does that mean? I don't know what more I could have done for the district judge at that point. You couldn't have sent him a copy of it? Well, at that point, Judge, he's entered an order of dismissal in which he has said in his order of dismissal the terms of the settlement agreement are incorporated herein. And I would have to say at that point my presumption, and it's a presumption, was he's familiar with the terms because his magistrate has since brokered the agreement. He's entered an order saying the court retains jurisdiction and the terms of the settlement are incorporated herein. And while he's going to enter an order, I didn't request the order. No other counsel requested the order. You're referring to the order dated January 21st, right? I am. And in that order there's language that says to reopen the action if the settlement is not consummated, the terms of the settlement agreement are incorporated herein, and the court shall retain jurisdiction. So the court does retain jurisdiction. That's what I'm referring to. It's a specific reference to the settlement, and the court also maintains jurisdiction for purposes of resolving the unresolved attorney's fees dispute, right? That's my position, Judge. And at that point I don't think I'm in a position, why would I believe that the district court is not familiar with the terms of the settlement when the district court has entered an order saying those terms are incorporated herein? I wouldn't send a letter to the judge and saying, you know, just in case you aren't aware, these are the terms. But your adversary argued, well, perhaps there's something wrong with the order, but I didn't see anywhere on the record where it was contested, you know, in terms of a motion to reconsider, or for that matter appealed separately, right? It was not, Your Honor. It was not. In fact, my position would be you can't argue about the terms of the order unless you're going to say then the order just shouldn't have been entered at all, really, but neither one of us appealed. Is this a fairly common procedure in New Jersey? I know that when magistrate judges settle cases, at least my impression is when magistrate judges settle cases, they have a 60-day order under the local rules entered. So, I mean, is this usually what happens? Well, Judge, it's hard for me to say this is what usually happens because usually you don't settle part of the case, I'll say, and have an issue remaining. So it's a different circumstance, I would say. So it's hard for me to represent to you, Your Honor, it's a custom of practice. Do you also treat this a little unusual in that it's an open-ended retention of jurisdiction as opposed to a lot of dismissal orders that retain jurisdiction for a limited period of time? Absolutely, Judge. And is it also your position in this case there's been a material alteration in the relationship of the parties, which is really a touchstone of settlements? No question, Judge. They agreed to pay and did pay $150,000 to my client. What is the effect in this case? It's a little unusual, maybe it's unusual, but neither party actually asked the court to enter this order. Does that have legal effect? Would that affect our analysis? I would have to say not, Judge, because, again, neither party then moved to reconsider or to appeal it. In a sense, both parties accepted that the order was entered. I was surprised by it, but, you know, it was just... Both parties agreed to have Judge Krugler decide the issue of attorney's fees, right? Exactly. So he was aware, he must have been aware that an order would retain jurisdiction. I agree, Your Honor, but, again, there was no communication before this order. I don't know what Judge Krugler's thinking was at the time he entered the order, but for my purposes he entered an order that said, I retain jurisdiction and I incorporate the terms of your settlement agreement. That settlement agreement said you would decide the fee issue, and then two months later he basically says, well, it's not prevailing because I'm not familiar with the settlement agreement, you didn't give me the terms of the settlement agreement, and for his other reasons it's set forth. Was that order entered under 411B, the local rule, or was it entered under 4183? Your Honor, I can't answer the question, I don't know. I don't know. All I can say is I had gotten a phone call that the court had wanted a... Actually, my office had signed on January 20th, so I think the phone call and the entry of the order probably all happened basically the same time. According to the Rizzo declaration, it says that they called you and you prepared something and sent it, or did you send it to the other side? I believe I sent it. We signed the stipulation and sent it to the other side. As you can see, we signed January 20th, and Mr. Reynolds, I believe, was signed on January 23. I mean, this case isn't a picture of procedural clarity, but... Correct. The cases call for mandatory language in a dismissal order. What language is mandatory? What does that even mean? To my reading of the cases, when you talk of mandatory, I think actually it's the language that's in this order, which is retention of jurisdiction and incorporating terms of the settlement. I mean, that's what's necessary and that's what's in there. From my perspective, upon receipt of the order, that's exactly what was intended. Although, again, I didn't intend the matter to be dismissed. I don't know why the matter would be dismissed when there are open issues that everyone understood were to be determined. It was dismissed, but the judge clearly maintained jurisdiction. I agree, Judge. I agree. So I'm not sure as to how you're saying you had an order signed by a judge and it was judicially enforceable in whatever mandatory language means. Well, we said that, so... What language is there was sufficient. As some of the cases call, I would say, at a minimum, this should be considered a de facto consent decree. Does it matter that counsel for the defense scored it to the court? Isn't a plaintiff supposed to send in a stipulation of settlement? The judge, in my experience, defenses, it can be either one, so... Can you explain why you call this a de facto consent decree? Isn't it enough just to be a settlement agreement? Yes, it is, Judge. Maybe I'm stretching it a little bit, but in terms of the order, the terms of the order, but that's you're right. I'm stretching it too much because there's no reflection of a consent from either one of us. It's simply an order saying it's incorporating terms and retaining jurisdiction. Okay. And, obviously, my argument is that this is sufficient judicial imprimatur. Well, what do we do with the language of the Article III judge saying it's invalid because he never looked at it, right? We ignore that. What do we remand? What are you asking us to do? I think it has to be remanded. I absolutely think it has to be. Is it correct that the judge read the agreement or what? Well, we can supplement the record and advise as to what the agreement is if he's got some question as to the agreement. But, you know, there was no real argument. We just get a decision in which he says, which surprises me, that although I said the terms of the settlement agreement are incorporated herein, I had no idea what I was incorporating in the order of dismissal. So are you really looking for vacate and remand and with direction that there's no legal impediment to granting? I am, Judge. I don't think your honors would make the decision as to what fee we're entitled to. I think the district court did not give consideration of all the factors at all, just ruling I don't have to look at that because you're not a prevailing party. And I think it should be remanded with direction that he consider the appropriate factors on a fee award. Should we adopt a prospective rule requiring district judges to review agreements before they incorporate them? I would do so, Judge. I would think that would be appropriate. Prospective. Prospective, absolutely. So you're telling me that every case is settled by a magistrate judge. You think the settlement terms have to be sent to the district court and have the district court sign off on it? Only if they're going to incorporate those terms in their dismissal order. I don't think all dismissal orders incorporate terms of the settlement. Would it be enough if the magistrate judge issued a report summarizing the terms of the settlement agreement as they usually do? As long as that agreement, again, it's on the order, still reflects that those terms are being incorporated, I think that would be satisfactory. And as long as that report was seen by counsel, because obviously counsel has to be certain that they agree with the report of the agreement. Okay, thank you, counsel. We'll leave it on this model. Thank you. Good morning, Your Honors. Good morning. We support Thomas Reynolds, Reynolds and Horn of Marlton, New Jersey, on behalf of the appellee, Ocean City Police Officer Jesse Scott Ruck. I think the focus of this appeal, or if you will, the touchstone, as provided in controlling case law is whether Mrs. Robb is a prevailing party. And the touchstone or the focus of that issue is whether the case outcome effected a material change in the legal relationship between the parties, here between the plaintiff and the defendant, that was sanctioned by the court. And if we look at that issue in this case. Haven't we further interpreted that in Truesdale? Truesdale, I mean. Yes, Truesdale is a controlling decision. Mandatory language, any order, signed by a judge, judicially enforceable. Would you agree that we have two, three, and four here? Elements two, three, and four. No, Your Honor. There's no, as Judge Kugler interpreted his own order, there's no mandatory language. There's no direct. What is mandatory language? It requires a defendant who has settled a lawsuit under a consent degree or under a judgment on the merits to do something. In this case, you have to remember, Judge Kugler specifically ruled. Requiring payment of money would be enough. Not in this case, Judge. You have to look at this case where this judge ruled that there were as many as five independent bases for this police officer to arrest Mrs. Robb for her conduct out on a quiet public street. Well, that's a little different. I don't think he got there. Are you talking, first of all, are you talking about Ocean City's motion or Robb's motion? Robb's motion. I'm contesting that Robb is a prevailing party entitled to an award of fees. Aren't we considering whether there's a legal impediment to consideration of the factors you're talking about? The fact that Judge Kugler said what he said about, listen, this thing doesn't count. I never even saw the agreement, so it can't be a prevailing party. It seems like that's the threshold that we're dealing with. Well, I think Judge Kugler incorporated the entirety of the circumstances involved in this case. This woman's claim that she was subjected to a Fourth Amendment violation was thrown out of court. There was no decision that granted her that her rights were violated by her arrest. But she recovered $150,000 from an excessive force claim. What the case reduced itself to after Judge Kugler's decision was force was affected, and a police officer is required and allowed to use force in effecting an arrest. Hasn't the case law said that settlement agreements can confer prevailing party status if they're judicially adopted? Hasn't case law said that? Yes, and Judge Kugler very clearly interpreted his own order to say he did not sanction this agreement. But the magistrate judge saw it, right? She facilitated the agreement. Isn't that enough? Not in this case, Judge. Why not? Because there were so many disputed issues about whether this woman was injured. Well, that's what the case reduced itself to. We're aware of that. Yes. But why isn't the review by an Article I judge that serves an Article III judge, why isn't that enough? Because in this case, the impromptu by the magistrate judge did not show that there was a material change in the relationship between the parties. This was essentially a private dispute that was subject to a private settlement agreement. You don't call paper money or sum of money a sufficient change? In this case where you have a half dozen experts for the defense and six or nine experts for the plaintiff, who were psychiatrists, psychologists, experts in video surveillance equipment. I'm aware that all that was in your case. Let's go back to the central issue. So the magistrate judge reviewed this. Now we have a district judge, Article III judge, who takes this thing and initially says, I incorporate the settlement agreement by reference. Now that would normally be enough, wouldn't it, if he had read it? Normally, but in this case... In this case, then he says he didn't incorporate it. Exactly. Judge Kugler was asked to interpret his own order, which it turns out to be a pro forma order, and he said, wait a second, I didn't judicially sanction a material change... Well, why didn't he just go ask for a copy of it from the magistrate judge? Well, the parties left it to Judge Kugler, both the defense and the plaintiff, to make a determination if this individual, Mrs. Robb, was a prevailing party entitled to an award of fees. There's no dispute about that. Judge Kugler made a reasoned decision. He followed the letter of the law, and there was no abuse in his discretion or in his reasoning to determine that Mrs. Robb was not a prevailing party in this case. How do you distinguish this case from the Second Circuit's Roberson case, where the district judge also apparently didn't really know too much about what the actual settlement was, and yet entered an order? The Roberson case, I do not believe, involved this particular set of facts, where an individual citizen alleges that she was improperly arrested and handcuffed and arrested out on a public street. That was the essence of this case, was this woman's constitutional rights violated by this officer's arrest, and Judge Kugler found that there was ample evidence to support on a summary judgment decision, as a matter of law, that this woman's conduct, her behavior, her unusual conduct on the date in question, constituted probable cause for this officer to effect a valid arrest. We also found that the force used might not have been proportional to the force that should have been used, and that's what settled, right? He did not make that determination. He said it was a question of fact. He didn't dismiss it as summary judgment, so he said it's a factual issue. It's a question of fact. And this case settled on the excessive force claim, right? Excessive force, assault and battery, basically a private tort claim. Was there too much force? Who struck John? He said, she said. So the excessive force case, in your world view, is a private tort when you're in federal court? When a police officer is involved, it is different, but it's different because a police officer not only has the right to, he has a duty to utilize force, necessary. Proportional force, right? To effectuate the arrest, absolutely. What effect, this is interesting, you know, we have a court order of dismissal, and we have a stipulation of dismissal. What effect, if any, did the stipulation of dismissal have in this case? I don't dispute with plaintiff's counsel that both sides agreed that there was this remaining issue to be left for the district judge, Judge Kugler, to make a decision. Is she entitled to an award? Could the stipulation of dismissal have eliminated the right for the court to do that? Not with the understanding of the parties and sanctioned by the court, which scheduled an order of briefing on the issue of whether she's entitled to fees, and we submit Judge Kugler exercised his discretion properly in making his determination. So he did properly retain jurisdiction over this case? Absolutely. All right. And there was no judicial sanction of the change in the legal relationships between the police officer and Mrs. Robb. If she goes out and acts the way she did out on the street, she's subject to arrest again. Okay. All right, thank you, counsel. Thank you, Your Honors. Thank you. Good morning, Your Honors. My name is Michael Barker. The firm is Barker, Gelfand, and James, and I represent Ocean City. And we acknowledge that as prevailing defendant in this civil rights claim, we should only be awarded fees where the underlying action is found to be frivolous, unreasonable, or without foundation. Was there a standard that we espoused in Quiroga v. Hasbro in which we said prevailing defendant attorney fees are sparingly awarded? I don't doubt that. But there's also in the chapter. But you say you don't doubt that. Right. All right. Am I speaking into this properly? You are. We can hear you. Thank you. In this case, didn't the court use the language when it discussed this, that mentioned frivolous, without foundation, and then went on to discuss reasonable as a standard? Yes, the court mentioned all those buzzwords. Well, because you complained that they didn't apply the standard properly. They didn't apply the standard properly because the judge went into it was reasonable for Mr. Rizzo, the plaintiff's attorney, to argue that this performance notice was evidence of a municipal policy to encourage use of force, takedown, regardless of who the suspect is, regardless of the setting. And we take issue with that. You take issue with the fact that it wasn't reasonable for counsel to make the argument? It was not reasonable for counsel to make the argument as to the City of Ocean City and municipal liability. Right, the Monell piece. The Monell piece, exactly, Your Honor. That's the difference. I certainly understand why Mr. Rizzo would argue, and he did, that the performance notice, which was the only thing he had left to work with, was a motivating factor behind Officer Ruck behaving the way he did on the date of the subject event. But that does not present any kind of competent evidence to the claim against the City of Ocean City. When you made an offer, you presented a joint settlement to Bob, didn't you? No, I was already out on summary judgment when the settlement was reached in front of the Article I judge. Didn't the court note that Ocean City and the officer presented a joint settlement offer? I suppose that's true. He wouldn't be asking you that question. But I know that we were out, and there would be the chance of an appeal. And so just as the plaintiff. But wouldn't something like that be another ground for supporting the court's decision in denying Ocean City's motion? It was just a tack-on. It's the same way we got into this case. We got into this case because the plaintiff had a complaint in which the plaintiff set forth no facts about municipal liability, went through discovery, and found only facts that supported the fact that there was adequate training that Officer Rock had never had an excessive force case against him, not even a claim, much less a sustained claim in, I think, 28 years of service. Can I ask you, has the judgment been satisfied? The $150,000? I don't know. That wasn't against you, right? The $150,000 was not against Ocean City? I don't think so. Well, it may not have been against it, but I wonder, is Ocean City going to pay the $150,000? It's their employee, right? Are you indemnifying the officer? Yes. Okay. So what do we make of Judge Kruger's language which says, Plaintiff's claims against Ocean City may have been weak, but the court cannot conclude they were frivolous or without foundation? He's wrong. He is wrong as to Ocean City. Because counsel should have known that that piece of paper that you referenced is not enough to sustain Ronell liability. The performance notice for not using force. Okay. Let me explain that why. Just one moment. The reason I say it is this. Even if Mr. Wiseau's theme is correct, that that performance notice was a stimulus to cause Officer Ruck to overreact, that idiosyncratic action by that police officer, under his theory, does not establish any liability of Ocean City. And the reason, Your Honor, is found in Oklahoma. Did I say Ocean City? Okay. The reason is because of the city of Oklahoma City versus Tuttle. Remember, Ruck was not a policymaker, and it's well settled that a single wrongful action by a non-policymaker is not sufficient to establish municipal liability. So in Oklahoma City versus Tuttle, the court found that proof of a single incident of unconstitutional activity is not sufficient to impose liability under Ronell when the municipal actor does not have policymaking authority, exactly what we have here. Plaintiff's counsel knew or should have known that this performance notice that he's arguing as evidence against Ocean City is not going to advance the ball one foot in his claim for municipal liability against Ocean City. That's where it was incorrect for Judge... This is where the divergence occurs. When Plaintiff argues that, he's arguing, really, a case against Ruck. When Judge Kugler says, well, it's reasonable for him to bring that up as an argument, okay, it may be reasonable, but it's not going to be probative, not competent evidence against Ocean City. So what did the plaintiff have against Ocean City? Absolutely nothing. Went through discovery, got a safe harbor letter, had opportunity to review the law, and realized that the only thing that he had was this performance notice. Now, that turns out not to be competent evidence for municipal liability against Ocean City. So the last thing he was arguing, that fails too. What that left us with was a case in which a claim from inception had been advanced against Ocean City for municipal liability, and there never was any evidence of municipal liability. Not in the complaint, not in any of the discovery that was forthcoming from Ocean City to Plaintiff. In fact, it was exactly the opposite. Counsel, you have a red light. I'm afraid you're going to have to wrap up. Thank you, Your Honor. I appreciate the court's time. Thank you, Counsel. I didn't notice the light. I apologize. Counsel, why don't you start where he left off? What competent evidence did you have to suggest that Ocean City had any sort of exposure here? At that point, Your Honor, it was. We were at the point of that prior issue of not using sufficient force, having been counseled by his superior that he needed to be more assertive. His testimony that when I, from our perspective, used excessive force in dealing with Ms. Robb, I had that in mind of what I was doing. That's where it came to. But at the beginning of the case, we were dealing with a 26- or 28-year veteran who had made some questionable entries on Facebook, who was still at a point in his career where he was left to enforce trailers and illegal parking, and there were some issues in terms of it. Judge, I don't dispute that it was properly dismissed on summary judgment. But Mr. Parker's argument essentially is every time you lose a summary judgment case, they should get fees. And I don't want to overlook the fact, and I don't think I highlighted it, I'm not even positive it was there, but Mr. Parker represented both the city and Officer Rock from the inception of the case through all discovery through the end of that summary judgment. So all services he was rendering, he was rendering on behalf of both parties. I don't know how he'd separate those fees as to what was necessary for the city and what was necessary for Officer Rock. But Monell cases is where he was. Well, that's an issue for the district, Judge. It's not for us. My position simply is it's clearly that the judge did not abuse his discretion in finding that the claim wasn't frivolous. It wasn't sufficient. So that's the legal standard that attorney fees for a prevailing defendant should be sparingly awarded? I do. I do. Has the judgment been satisfied? It has. It was paid by the joint insurance fund of the city. Okay. Right. And really that's all I have unless anyone had other questions. Frank, anything else? No. Okay. Thank you, counsel. Good morning. We'll take the case under advisement and thank counsel. But as a matter of fact, if counsel has no objection, the panel would like to come down from the bench and greet you and thank you for your excellent advocacy here. So if the clerk would adjourn court, we'll go off record and do that.